625 S.E.2d 650

**In the Matter of Douglas E. BRAFFORD, Respondent.**

No. 26098.

Supreme Court of South Carolina.

Submitted Dec. 5, 2005.

Decided Jan. 17, 2006.

Henry B. Richardson, Jr., Disciplinary Counsel, of Columbia, for the Office of Disciplinary Counsel.

Douglas E. Brafford, pro se, of Charlotte, NC.

PER CURIAM.

In 1997, respondent was convicted of one count of conspiracy to operate an illegal gambling organization in violation of 18 U.S.C. § 371 and one count of money laundering in violation of 18 U.S.C. § 1956(a)(1)(B)(1). By order dated January 16, 1998, he was disbarred from the North Carolina Bar.

Pursuant to Rule 29, RLDE, Rule 413, SCACR, the Office of Disciplinary Counsel (ODC) and respondent were asked to

inform the Court as to any reason why the Court should not impose the same discipline as imposed in North Carolina. *See* Rule 29(d), RLDE, Rule 413, SCACR.[1] Both ODC and respondent stated they knew of no grounds upon which to oppose the imposition of identical discipline.

## CONCLUSION

We hereby disbar respondent from the practice of law in this state. Within fifteen days of the date of this opinion, respondent shall surrender his certificate of admission to practice law to the Clerk of Court and shall file an affidavit with the Clerk of Court showing that he has complied with Rule 30, RLDE, Rule 413, SCACR.

**DISBARRED.**

TOAL, C.J., MOORE, BURNETT and PLEICONES, JJ., concur. WALLER, J., not participating.

---

1. As a result of information submitted by respondent, the Court initially issued an order transferring respondent to incapacity inactive status and the matter to the Commission on Lawyer Conduct (Commission) to determine respondent's ability to assist in his own defense. *See* Rule 28(d), RLDE, Rule 413, SCACR. The Court has now determined that respondent is capable of assisting in his own defense, and, consequently, transfers respondent to active status and hereby proceeds with the *imposition of reciprocal discipline.*